UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

---

BRIAN JERMAINE WASHINGTON,  : CASE NO. 4:20-cr-00916
:
    Petitioner, : OPINION & ORDER
: [Resolving Doc. 6]
vs. :
:
MARK K. WILLIAMS, :
:
    Respondent. :
:

---

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner Brian Washington petitions for habeas relief under 28 U.S.C. § 2241. On June 1, 2020, the Court dismissed Washington's petition without prejudice due to Washington's failure to exhaust his administrative remedies.[1] Washington now moves for reconsideration of the Court's dismissal.[2]

In his motion, Washington argues that he is entitled to an exception to the exhaustion requirement.[3] The Supreme Court has recognized three "broad sets" of circumstances that weigh against requiring exhaustion—where the petitioner would suffer undue prejudice, where the administrative remedy is inadequate, and where the administrative body is biased or has predetermined the issue.[4]

Washington does not explain how the exhaustion waiver circumstances apply here. He only says that because he is not in the subclass of medically vulnerable Elkton inmates

---

[1] Doc. 4.
[2] Doc. 6.
[3] *Id.* at 2.
[4] *McCarthy v. Madigan*, 503 U.S. 140, 146-49 (1992).

Case No. 4:20-cr-00916
Gwin, J.

identified in a separate case pending before this Court, he has no chance of receiving home confinement.[5]

The Court declines to waive the exhaustion requirement in this case, because Washington has not demonstrated that the circumstances justifying waiver are present here.

The Court notes that the only relief Washington demands is home confinement, but only the BOP may grant home confinement, and the Court cannot order the BOP to grant Washington's home-confinement request.

I. Conclusion

For the foregoing reasons, the Court **DENIES** Washington's request for reconsideration. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: August 14, 2020        s/ _James S. Gwin_
                                                        JAMES S. GWIN
                                                        UNITED STATES DISTRICT JUDGE

---

[5] Doc. 6. Washington also says that because he is challenging the execution or manner in which his sentence is served, he does not have to exhaust his administrative remedies. But he provides no support for this assertion. And this cannot be the case, because while the Sixth Circuit has held that attacks upon the execution of a sentence are properly brought under 28 U.S.C. § 2241, _U.S. v. Jalili_, 925 F.2d 889, 893 (6th Cir. 1991), the Sixth Circuit has also held that petitioners must exhaust their administrative remedies before bringing a 28 U.S.C. § 2241 petition. _Settle v. Bureau of Prisons_, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017).